# EXHIBIT A

STATE OF INDIANA ) IN THE HOWARD SUPERIOR COURT
COUNTY OF HOWARD ) Civil Division - Courthouse
104 N. Buckeye Street, Suite 216
Kokomo, IN 46901
Telephone: (765) 456-2201

MARK COTTON
    Plaintiff(s)

VS

Case Number: _____

# SUMMONS

STELLANTIS d/b/a FCA US LLC
    Defendant(s)

TO:
    Stellantis d/b/a FCA US LLC
    Highest Ranking Offical
    2401 S. Reed Road
    Kokomo, IN. 46901

You have been sued by the person(s) named above. The claim made against you is attached to this summons; please examine all pages carefully. The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX__ Certified Mail     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____ Personal Service    You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Howard Superior Court, Room 216, Howard County Courthouse, Kokomo, Indiana, 46901**. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer. If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form. **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: 12/22/2021

_/s/ Debra Stewart_
**DEBRA C. STEWART**
CLERK OF THE HOWARD CIRCUIT AND SUPERIOR COURTS
(Seal)

Jennifer L. Hitchcock (PLAINTIFF)
Attorney / Party Preparing Summons (Party Represented)

116 E. Berry St., Ste 625
Street Address

Fort Wayne, IN 46802
City, State, Zip Code

(260) 240-4644     34635-02
Telephone Number    Attorney Number

**MANNER OF SERVICE**
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:
_____ personal service
_____ leaving a copy at dwelling or place of employment

**OTHER** manner of service:
__X__ attorney to serve
_____ private process server, _____
_____ other (describe in particular and note Trial Rule)
_____

**CLERK** shall serve this Summons as follows:
_____ regular mail
_____ certified mail
_____ publication

08/2000    sum (CLK 298,fb)

**CERTIFIED MAIL**

I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein.

Date Issued: _____

Date Issued: _____

_____
Clerk of the Howard Circuit and Superior Courts

_____
Clerk of the Howard Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____.
Signature of Party

_____
Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:**     ( _____ )

   READING / delivering a copy (A) to the within named party;

   LEAVING A COPY for the within named party
      (B) with the spouse, named:                (E) with a secretary, named:
      (C) with a relative, named:                (F) with the attorney, named:
      (D) at the residence, located at:          (H) with this person (other-specify):
      (E) with the employer, named: _____

   Specify name of person, work supervisor, place of business, or location where copy was left.
   _____

   **and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**
   _____.
   Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because: (** _____ **)**

(I)   The party was NOT FOUND / NO SUCH ADDRESS.           (R) the party was on VACATION.
(J)   the document EXPIRED.                                 (S) the party was NOT FOUND / VACANT.
(K)   the party AVOIDED service.                            (T) the party was NOT FOUND / MOVED.
(L)   the party REFUSED service.                            (U) the party was NOT FOUND IN THIS BAILIWICK.
(M)   the party was NO LONGER EMPLOYED at the address.      (V) INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(N)   the document was RETURNED by the authority of the Plaintiff.  (W) they are NO LONGER IN BUSINESS.
(O)   the party is DECEASED.                                (X) several attempts were made / UNABLE TO SERVE.
(P)   the party was UNKNOWN AT THAT ADDRESS.                (Y) of the following reason (OTHER-specify):
(Q)   the party was on SICK LEAVE / LAY OFF.
                                                            _____

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____     _____     _____
Date Served / Attempted     Time Served / Attempted     Signature of Sheriff of Howard County, Indiana (or other officer)
                                                 By: _____
_____
(Printed Name of Process Server)                        Signature of Process Server

08/2000    sum (CLK 298,fb)

STATE OF INDIANA          IN THE HOWARD SUPERIOR COURT
COUNTY OF HOWARD     Civil Division - Courthouse
104 N. Buckeye Street, Suite 216
Kokomo, IN 46901
Telephone: (765) 456-2201

MARK COTTON            Case Number: _____
     Plaintiff(s)

VS

## SUMMONS

STELLANTIS d/b/a FCA US LLC
     Defendant(s)

TO:
C T Corporation System
334 North Senate Avenue
Indianapolis, IN. 46204

You have been sued by the person(s) named above. The claim made against you is attached to this summons; please examine all pages carefully. The "X" marked below indicates the time limit you have to **FILE YOUR ANSWER**.

__XX__ Certified Mail     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

_____ Personal Service     You or your attorney must file a written answer to the claim within **TWENTY-THREE (23) DAYS**, commencing the day after you receive this summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the office of the **Clerk of the Howard Superior Court, Room 216, Howard County Courthouse, Kokomo, Indiana, 46901**. The method you choose to deliver your answer to the Clerk's Office is up to you; however, you should be able to prove you filed the answer. If you wish to file a claim against another party associated with this case, you must state it in your written answer.

If you are required to appear, the date, time and location will be shown on an attached Notice of Hearing form. **IF YOU FAIL TO APPEAR, A JUDGMENT MAY BE ENTERED AGAINST YOU.**

Dated: __12/22/2021__                    _/s/ Debra Stewart_
                                                    **DEBRA C. STEWART**
                                     CLERK OF THE HOWARD CIRCUIT AND SUPERIOR COURTS

__Jennifer L. Hitchcock (PLAINTIFF)__                 (Seal)
Attorney / Party Preparing Summons (Party Represented)

__116 E. Berry St., Ste 625__
Street Address

__Fort Wayne, IN 46802__
City, State, Zip Code

__(260) 240-4644__      __34635-02__
Telephone Number    Attorney Number

**MANNER OF SERVICE**
(To be completed by Party Preparing Summons)

**SHERIFF** shall serve this Summons as follows:          **OTHER** manner of service:
_____ personal service                                  __X__ attorney to serve
_____ leaving a copy at dwelling or place of employment    _____ private process server, _____
                                                                                   _____ other (describe in particular and note Trial Rule)

**CLERK** shall serve this Summons as follows:
_____ regular mail
_____ certified mail
_____ publication

**CERTIFIED MAIL**

| | |
|---|---|
| I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested. | I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached; and that service ☐ was ☐ was not made, according to the information contained therein. |

Date Issued: _____                    Date Issued: _____

_____                 _____
Clerk of the Howard Circuit and Superior Courts    Clerk of the Howard Circuit and Superior Courts

**ADMISSION OF SERVICE**

I received a copy of this Summons on this date _____ and at this location: _____

_____ .                _____
  Signature of Party                                Relationship (if not within named person)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

**I served a copy of this Summons as specified:** ( _____ )

    READING / delivering a copy (A) to the within named party;

    LEAVING A COPY for the within named party
        (B) with the spouse, named:    (E) with a secretary, named:
        (C) with a relative, named:    (F) with the attorney, named:
        (D) at the residence, located at:    (H) with this person (other-specify):
        (E) with the employer, named: _____

Specify name of person, work supervisor, place of business, or location where copy was left.

_____

**and (if applicable) by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:**

_____ .
Last known address of person named in the document (or Change of Address)

**I did not serve a copy of this Summons because:** ( _____ )

| | |
|---|---|
| (I) The party was NOT FOUND / NO SUCH ADDRESS. | (R) the party was on VACATION. |
| (J) the document EXPIRED. | (S) the party was NOT FOUND / VACANT. |
| (K) the party AVOIDED service. | (T) the party was NOT FOUND / MOVED. |
| (L) the party REFUSED service. | (U) the party was NOT FOUND IN THIS BAILIWICK. |
| (M) the party was NO LONGER EMPLOYED at the address. | (V) INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN. |
| (N) the document was RETURNED by the authority of the Plaintiff. | (W) they are NO LONGER IN BUSINESS. |
| (O) the party is DECEASED. | (X) several attempts were made / UNABLE TO SERVE. |
| (P) the party was UNKNOWN AT THAT ADDRESS. | (Y) of the following reason (OTHER-specify): |
| (Q) the party was on SICK LEAVE / LAY OFF. | _____ |

**I AFFIRM, UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.**

_____
Date Served / Attempted      Time Served / Attempted      Signature of Sheriff of Howard County, Indiana (or other officer)
                                                                     By: _____
(Printed Name of Process Server)                              Signature of Process Server

| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | | IN THE HOWARD SUPERIOR COURT |
| | ) | SS: | |
| COUNTY OF HOWARD | ) | | CAUSE NO._____ |

| | |
|---|---|
| MARK COTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STELLANTIS d/b/a FCA US LLC, | ) |
| | ) |
| Defendant(s). | ) |

## COMPLAINT

The Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Mark Cotton, a qualified employee of Defendant at all times material to this Charge. Plaintiff alleges he has been discriminated against and retaliated against on the basis of his race and color (African American/Black), in violation of his federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981.

2. The Defendant is Stellantis, d/b/a FCA US, a company doing business at 2401 S Reed Rd, Kokomo, IN 46901. Defendant is an "employer" for the purposes of Title VII and § 1981.

3. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 24, 2021, a copy of which is attached hereto, incorporated herein, and made a part hereof as "Ex. A." Plaintiff amended his Charge of Discrimination with the EEOC on May 26, 2021, a copy of which is attached hereto, incorporated herein, and made part hereof as "Ex. B." The EEOC issued its dismissal

1

and Notice of Rights on September 24, 2021, a copy of which is attached hereto and made a part hereof as "Ex. C." All administrative remedies have been exhausted, and all jurisdictional requirements have been met for the filing of this lawsuit.

4. Plaintiff has worked for Defendant for twenty-three (23) years and has held multiple job titles during his employment. His current job title is "production worker."

5. Plaintiff alleges that Defendant has failed to promote him despite being qualified, available, and the most senior employee that has bid for team lead jobs. Defendant has also manufactured reasons to remove Plaintiff from higher paying positions without justification.

6. For example, in the summer of 2020, Plaintiff bid for, and was awarded a team lead position, which entitled him to a higher hourly pay rate. However, shortly after being notified of the promotion, Plaintiff was told that he was ineligible for the promotion due to a false write-up that he had received approximately six months prior to the promotion. The position was then awarded to a Caucasian employee with much less seniority.

7. Plaintiff followed the grievance procedure and got the write-up removed from his record, but Defendant continues to deny Plaintiff the promotion he should have received.

8. Over the last four years Plaintiff has bid for five (5) team lead positions, been the most qualified for, and had the most seniority to qualify him for the sought-after lead positions, but Defendant has changed the rules to intentionally disqualify Plaintiff from the promotions or transferred him to other departments to ensure he was ineligible for the promotions he sought. Of the five team lead positions he has bid on, four were

    awarded to Caucasian employees with less seniority, and one was awarded to an African American female with only five years of employment by Defendant.

9. In July 2020, Plaintiff, along with a union stewardess, a company HR representative, and Plaintiff's committeeman sat down for a meeting, and Plaintiff complained that he was being treated unfairly and that he believed he was not being promoted due to his race. The HR representative immediately stopped the meeting and refused to discuss his complaint.

10. Since that time Plaintiff has bid for team lead positions but has been denied the opportunity, and Plaintiff alleges that the failure to promote is based upon his race, color, and is being retaliated against for complaining of the violation of his civil rights. Further, since he complained, Plaintiff's supervisor has been scrutinizing Plaintiff's work, following Plaintiff around, and making Plaintiff feel as though he is being followed and harassed though he has done nothing to deserve such treatment.

11. After Plaintiff filed his original Charge of Discrimination with the EEOC on February 24, 2021, Plaintiff was laid off from March 18, 2021 through May 3, 2021.

12. Prior to the start of the layoff, Complaint worked in department 8412. When the layoff ended, Plaintiff was moved to a different department, while an employee with less seniority was permitted to remain in the department, contrary to policy.

13. Prior to the layoff Plaintiff worked second shift, but when he returned after the layoff he was assigned to work third shift (there was no second shift operation running). Plaintiff requested first shift but was told there was no job available that he was

qualified to do. However, when a position on first shift did open, a less qualified employee was permitted to take the first shift position instead of Plaintiff.

14. When Plaintiff returned from layoff he discovered that his employee locker had been cleaned out, and his belongings had been placed on top of the lockers in a box.   When Plaintiff asked his supervisor why his locker had been cleaned out, he was told "I don't know," and Plaintiff still does not have access to a locker or any explanation as to why another employee has been permitted to take over his locker.

15. On May 18th, 2021 when Plaintiff arrived for his shift, he discovered that his badge had been deactivated and he did not have access to the building.   He went to the guard shack and asked the guard to contact his union to find out why he did not have access. Instead, Plaintiff was told to leave the premises immediately, and was then followed in his vehicle by a guard in a vehicle that rode inches from his bumper until Plaintiff reached the street.   This caused Plaintiff a great deal of emotional distress, humiliation, embarrassment, and mental anguish.

16. After being escorted off the property he contacted his union. The following day the union called him and apologized for the "mix up," and explained that his card had been mistakenly deactivated under the belief that he was on a layoff—which was patently untrue, and could not have been the real reason, as he had been back to work for two weeks.   Ultimately Plaintiff missed two shifts as a result, but Defendant has indicated he will be paid for the time he should have been permitted to work.

17. The Defendant's discriminatory and retaliatory behaviors have been the direct and proximate cause of Plaintiff suffering the loss of income, and subjected Plaintiff to

embarrassment, humiliation, emotional distress, and other damages and injuries. Plaintiff seeks compensatory damages and reasonable attorney fees and costs.

18. Furthermore, The Defendant's discriminatory and retaliatory behaviors have been intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under Title VII and § 1981, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 625
Fort Wayne, IN 46802
Telephone:   (260) 240-4644
E-Mail:         jennifer@jhitchcocklaw.com
Attorney for Plaintiff

Case 1:22-cv-00113-JMS-MKK  Document 1-2  Filed 01/14/22  Page 11 of 17 PageID #: 14
Filed: 12/22/2021 12:56 PM
Clerk
Howard County, Indiana
34D02-2112-CT-000335

12:42:13 p.m. 02-24-2021  4
Feb. 24. 2021  1:57PM       Howard Superior Court 2       No. 0055   P. 4

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | EEOC Indianapolis District Office<br>RECEIVED 02/24/21<br>470-2021-01483 |

Equal Employment Opportunity Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mark Cotton | (765) 243-4114 | Redacted |

| Street Address | City, State and ZIP Code |
|---|---|
| 123 North D Street | Marion, IN 46952 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Stellantis d/b/a FCA US | 100+ | (765) 454-1000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2401 S Reed Rd | Kokomo, IN 46901 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☒ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07/2020   Latest: 02/24/2021
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Mark Cotton, a qualified employee of Respondent at all times material to this Charge. Complainant alleges he has been discriminated against and retaliated against on the basis of his race and color (African American/Black), in violation of his federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981.

II. The Respondent is Stellantis, d/b/a FCA US, a company doing business at 2401 S Reed Rd, Kokomo, IN 46901. Respondent is an "employer" for the purposes of Title VII and § 1981.

III. Complainant has worked for Respondent for twenty-three (23) years and has held multiple job titles during his employment. His current job title is "production worker".

IV. Complainant alleges that Respondent has failed to promote him despite being qualified, available, and the most senior employee that has bid for team lead jobs. Respondent has also manufactured reasons to remove Complainant from higher paying positions without justification.

V. For example, in the summer of 2020, Complainant bid for, and was awarded a team lead position, which entitled him to a higher hourly pay rate. However, shortly after being notified of the promotion, Complainant was told that he was ineligible for the promotion due to a false write-up that he had received approximately six months prior to the promotion. The position was then awarded to a Caucasian employee with much less seniority.

VI. Complainant followed the grievance procedure and got the write-up removed from his record, but Respondent continues to deny Complainant the promotion he should have received.

VII. Over the last four years Complainant has bid for five (5) team lead positions, been the most qualified for, and had the most seniority to qualify him for the sought-after lead positions, but Respondent has changed the rules to intentionally disqualify Complainant from the promotions or transferred him to other departments to ensure he was ineligible for the promotions he sought. Of the five team lead positions he has bid on, four were awarded to Caucasian

employees with less seniority, and one was awarded to an African American female with only five years of employment by Respondent.

EEOC
Indianapolis District Office
RECEIVED 02/24/21
470-2021-01483

VIII. In July 2020, Complainant, along with a union stewardess, a company HR representative, and Complainant's committeeman sat down for a meeting, and Complainant complained that he was being treated unfairly and that he believed he was not being promoted due to his race. The HR representative immediately stopped the meeting and refused to discuss his complaint.

IX. Since that time Complainant has bid for team lead positions but has been denied the opportunity, and Complainant alleges that the failure to promote is based upon his race, color, and is being retaliated against for complaining of the violation of his civil rights. Further, since he complained, Complainant's supervisor has been scrutinizing Complainant's work, following Complainant around, and making Complainant feel as though he is being followed and harassed though he has done nothing to deserve such treatment.

X. The Respondent's discriminatory and retaliatory behaviors have been the direct and proximate cause of Complainant suffering the loss of income, and subjected Complainant to embarrassment, humiliation, emotional distress, and other damages and injuries. Complainant seeks compensatory damages and reasonable attorney fees and costs.

XI. Furthermore, The Respondent's discriminatory and retaliatory behaviors have been intentional, knowing, willful, wanton, and in reckless disregard of Complainant's federally protected rights under Title VII and § 1981, warranting an imposition of punitive damages.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | *Mark Cotton* |
| 2/24/21          *Mark Cotton* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | 2/24/2021 |

[Notary Seal: CRYSTAL M LUTES, Notary Public, State of Indiana, Allen County, Commission Number NP0728493, Commission Expires 08-31-2028]

Howard Superior Court 2    No. 0113

EEOC

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 05/26/2021

May 26, 2021  5:00PM

# AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:  Agency(ies) Charge No(s):
[ ] FEPA
[X] EEOC   470-2021-01483 AMENDED

Equal Employment Opportunity Commission and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mark Cotton | (765) 243-4114 | Redacted |

| Street Address | City, State and ZIP Code |
|---|---|
| 123 North D Street | Marion, IN 46952 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Stellantis d/b/a FCA US | 100+ | (765) 454-1000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2401 S Reed Rd | Kokomo, IN 46901 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07/2020    Latest: 02/24/2021
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Mark Cotton, a qualified employee of Respondent at all times material to this Charge. Complainant alleges he has been discriminated against and retaliated against on the basis of his race and color (African American/Black), in violation of his federally protected rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981.

II. The Respondent is Stellantis, d/b/a FCA US, a company doing business at 2401 S Reed Rd, Kokomo, IN 46901. Respondent is an "employer" for the purposes of Title VII and § 1981.

III. Complainant has worked for Respondent for twenty-three (23) years and has held multiple job titles during his employment. His current job title is "production worker".

IV. Complainant alleges that Respondent has failed to promote him despite being qualified, available, and the most senior employee that has bid for team lead jobs. Respondent has also manufactured reasons to remove Complainant from higher paying positions without justification.

V. For example, in the summer of 2020, Complainant bid for, and was awarded a team lead position, which entitled him to a higher hourly pay rate. However, shortly after being notified of the promotion, Complainant was told that he was ineligible for the promotion due to a false write-up that he had received approximately six months prior to the promotion. The position was then awarded to a Caucasian employee with much less seniority.

VI. Complainant followed the grievance procedure and got the write-up removed from his record, but Respondent continues to deny Complainant the promotion he should have received.

VII. Over the last four years Complainant has bid for five (5) team lead positions, been the most qualified for, and had the most seniority to qualify him for the sought-after lead positions, but Respondent has changed the rules to intentionally disqualify Complainant from the promotions or transferred him to other departments to ensure he was ineligible for the promotions he sought. Of the five team lead positions he has bid on, four were awarded to Caucasian

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 05/26/2021

470-2021-01483
AMENDED

employees with less seniority, and one was awarded to an African American female with only five years of employment by Respondent.

VIII. In July 2020, Complainant, along with a union stewardess, a company HR representative, and Complainant's committeeman sat down for a meeting, and Complainant complained that he was being treated unfairly and that he believed he was not being promoted due to his race. The HR representative immediately stopped the meeting and refused to discuss his complaint.

IX. Since that time Complainant has bid for team lead positions but has been denied the opportunity, and Complainant alleges that the failure to promote is based upon his race, color, and is being retaliated against for complaining of the violation of his civil rights. Further, since he complained, Complainant's supervisor has been scrutinizing Complainant's work, following Complainant around, and making Complainant feel as though he is being followed and harassed though he has done nothing to deserve such treatment.

X. The Respondent's discriminatory and retaliatory behaviors have been the direct and proximate cause of Complainant suffering the loss of income, and subjected Complainant to embarrassment, humiliation, emotional distress, and other damages and injuries. Complainant seeks compensatory damages and reasonable attorney fees and costs.

XI. Furthermore, The Respondent's discriminatory and retaliatory behaviors have been intentional, knowing, willful, wanton, and in reckless disregard of Complainant's federally protected rights under Title VII and § 1981, warranting an imposition of punitive damages.

**Amendment:**

XII. Since the filing of this Charge, Respondent has retaliated against Complainant in the following ways:

a. Complainant was laid off from March 18, 2021 through May 3, 2021. Prior to the start of the layoff, Complaint worked in department 8412. When the layoff ended, Complainant was moved to a different department, while an employee with less seniority was permitted to remain in the department, contrary to policy;

b. Prior to the layoff Complainant worked second shift, but when he returned after the layoff he was assigned to work third shift (there was no second shift operation running). Complainant requested first shift but was told there was no job available that he was qualified to do. However, when a position on first shift did open, a less qualified employee was permitted to take the first shift position instead of Complainant.

c. When Complainant returned from layoff he discovered that his employee locker had been cleaned out, and his belongings had been placed on top of the lockers in a box. When Complainant asked his supervisor why his locker had been cleaned out, he was told "I don't know," and Complainant still does not have access to a locker or any explanation as to why another employee has been permitted to take over his locker.

d. On May 18th, 2021 when Complainant arrived for his shift, he discovered that his badge had been deactivated and he did not have access to the building. He went to the guard shack and asked the guard to contact his union to find out why he did not have access. Instead, Complainant was told to leave the premises immediately, and was then followed in his vehicle by a guard in a vehicle that rode inches from his bumper until Complainant reached the street. This caused Complainant a great deal of emotional distress, humiliation, embarrassment, and mental anguish.

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 05/26/2021

470-202-01483
AMENDED

c. After being escorted off the property he contacted his union. The following day the union called him and apologized for the "mix up," and explained that his card had been mistakenly deactivated under the belief that he was on a layoff—which was patently untrue, and could not have been the real reason, as he had been back to work for two weeks. Ultimately Complainant missed two shifts as a result, but Respondent has indicated he will be paid for the time he should have been permitted to work.

XIII. Complainant contends that these actions of the Respondent are evidence of retaliation, attributable to the filing of this Charge of Discrimination, in violation of Complainant's protected right to complain of discrimination. Complainant wants the discrimination and retaliation to stop, and Respondent is on notice that any further retaliation or failure to promote Complainant will be incorporated into the allegations contained herein.

XIV. Further, as a result of the retaliation experienced after the initial filing of this Charge of Discrimination, Complainant intends to seek compensatory damages for the emotional distress and other damages and injuries he has suffered as a result of the retaliatory conduct.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements  *[signature]* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Mark Cotton* |
| 5-26-21   *Mark Cotton*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>5/26/2021 |



CRYSTAL M LUTES
Commission Expires
08-31-2028
NOTARY PUBLIC SEAL
Allen County
Commission Number NP0725863
STATE OF INDIANA

EEOC Form 161 (11/2020)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mark Cotton<br>123 North D Street<br>Marion, IN 46952 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-01483 | Michelle D. Ware,<br>Enforcement Supervisor | (463) 999-1184 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele* (signature)          09/24/2021

| Enclosures(s) | Michelle Eisele,<br>District Director | *(Date Issued)* |
|---|---|---|

cc:
| Michael W. Padgett<br>JACKSON LEWIS, PC<br>1 Indiana Square<br>Ste 1700<br>Indianapolis, IN 46204 | Jennifer L. Hitchcock<br>LAW OFFICE OF JENNIFER HITCHCOCK<br>116 E. Berry St.<br>Ste 625<br>Fort Wayne, IN 46802 |
|---|---|

Enclosure with EEOC
Form 161 (11/2020)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***