UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK COTTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-00113-JMS-MKK |
| | ) | |
| STELLANTIS d/b/a FCA US LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Plaintiff Mark Cotton initiated this lawsuit against his former employer, Defendant Stellantis, d/b/a FCA US LLC ("FCA"), alleging that he was discriminated and retaliated against in violation of federal law. On June 22, 2023, the Court granted FCA's Motion for Summary Judgment and entered final judgment in favor of FCA and against Mr. Cotton. [Filing No. 64; Filing No. 65.] Pending before the Court is Mr. Cotton's Motion for Reconsideration filed on April 10, 2025. [Filing No. 73.] The Motion is ripe for the Court's consideration.

### I.
### STANDARD OF REVIEW

A motion to reconsider is analyzed under Federal Rule of Civil Procedure 59(e) when it is brought within twenty-eight days of the entry of final judgment, but under Federal Rule of Civil Procedure 60(b) when it is brought outside of that timeframe. *See Barnett v. Raoul*, 844 F. App'x 916, 918 (7th Cir. 2021) ("A Rule 59(e) motion must be filed within 28 days of the entry of judgment, and this time limit is unyielding. When a party files a post-judgment motion outside the 28-day window, we treat it as a Rule 60(b) motion").

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)).

1

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citation omitted); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (citation omitted). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270. Arguments that the district court has already considered and rejected, and any contention that the district court "was in error on the issues it already considered[,] should be directed to the court of appeals," not raised in a motion for reconsideration. *United States v. ITT Educ. Servs., Inc.*, 2012 WL 266943, at *8 (S.D. Ind. Jan. 30, 2012).

## II.
### Discussion

Mr. Cotton, filing his motion *pro se*, "requests that the Court review and reconsider" the grant of summary judgment in favor of FCA "based on newly presented information regarding perjury committed by [FCA employee] Mrs. Christy Shepherd during court proceedings." [Filing No. 73 at 1.] He asserts that "[h]er false testimony has directly impacted the Court's decision" and that Mrs. Shepherd's "declaration, which was central to [FCA's] position in this case, contained inaccuracies" that led to the grant of summary judgment in favor of FCA and against Mr. Cotton. [Filing No. 73 at 1.] Mr. Cotton specifically highlights that "Mrs. Shepherd submitted photos that were dated 01/25/2022, despite [his] termination occurring on 01/18/2022, which makes the photos factually impossible and invalid" and that FCA "falsely claimed that [he] was on [his] 5th violation when in fact, [he] was only on [his] 2nd violation." [Filing No. 73 at 1.] He also asserts that he has "been subjected to threats against [his] safety on two separate occasions, one of which came

in the form of messages from a supervisor," and submits as an exhibit a screenshot of text messages from an unsaved number. [Filing No. 73 at 2; Filing No. 73-1 at 1.] The exhibit to Mr. Cotton's motion also contains the Declaration of Christy Shepard (previously in the record), a document titled "Appeal Board Impartial Chairman's Decision" (not previously in the record), a conduct violation form (previously in the record), and FCA's Brief in Support of Defendant's Motion for Summary Judgment. [Filing No. 73-1.]

In response, FCA argues that Mr. Cotton's motion should be denied for several reasons. [Filing No. 74 at 1.] First, it argues that "the entry of final judgment is currently on appeal to the Seventh Circuit and any issues regarding the final judgment should be addressed there." [Filing No. 74 at 1.] Second, it contends that the motion is untimely under Federal Rules of Civil Procedure 59(e) and 60(b). [Filing No. 74 at 1-2.] Third, it asserts that Mr. Cotton's argument that the Court's summary judgment decision was based on factually impossible and invalid photographs is incorrect because FCA's "motion for summary judgment was not accompanied by photographs." [Filing No. 74 at 2.]

Mr. Cotton did not file a reply.[1]

Mr. Cotton's Motion for Reconsideration must be denied for multiple reasons, foremost among them being that an appeal is currently pending before the Seventh Circuit Court of Appeals. *Mark Cotton v. Stellantis*, No. 23-2436 (7th Cir.). As the United States Supreme Court has made clear, "[a]n appeal . . . 'divests the district court of its control over those aspects of the case involved in the appeal.'" Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident*

---

[1] Under Local Rule 7-1(c)(3)(B), "[a]ny reply is due within 7 days after service of the response." FCA's Response to Pro Se Plaintiff's Motion to Reconsider was served on Mr. Cotton's attorneys of record (all of whom still have an appearance filed for this case) on April 24, 2025 and a copy of the response was mailed to Mr. Cotton via United States First Class Mail on the same date. [Filing No. 74 at 3.] The time for a reply has expired.

3

*Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Because the grant of summary judgment in favor of FCA is directly at issue on appeal, any challenge to that ruling must exclusively be raised before the Seventh Circuit. *Coinbase, Inc.*, 599 U.S. at 740.

Even setting jurisdictional limits aside, the motion still fails for at least three additional reasons. First, "[a] litigant represented by counsel . . . cannot simultaneously represent himself. That's called hybrid representation, which district judges need not accept." *United States v. Blount*, 93 F.4th 1063, 1065 (7th Cir. 2024) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). Mr. Cotton remains represented by counsel in this Court and is therefore not permitted to file motions on his own behalf. Any filings must be made through his counsel absent an order granting the withdraw of counsel.

Second, the motion is untimely. Mr. Cotton does not specify whether his motion is brought under Federal Rules of Civil Procedure 59(e) and 60(b), so the Court considers both. A motion to reconsider filed within twenty-eight days of an entry of final judgment is evaluated under Federal Rule of Civil Procedure 59(e); otherwise, Rule 60(b) applies. *Barnett*, 844 F. App'x at 918. Here, final judgment was entered on June 22, 2023. [Filing No. 65.] Mr. Cotton filed his motion on April 10, 2025, well beyond the twenty-eight-day deadline for Rule 59(e).

As for Rule 60(b), a party may move for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Mr. Cotton's motion is based on new evidence and an allegation of fraud—reasons 2 and 3 set forth in Fed. R. Civ. P. 60(b). [Filing No. 73.] He was therefore required to bring his motion within one year of the entry of final judgment. Fed. R. Civ. P. 60(c)(1). That deadline was June 22, 2024. [*See* Filing No. 65.] Mr. Cotton filed his motion nearly ten months too late on April 10, 2025. In sum, Mr. Cotton's motion is untimely under both Rule 59(e) and Rule 60(b).

Third, Mr. Cotton's allegations regarding certain photographs dated January 25, 2022 are misplaced. The Court's review of the evidence submitted by FCA in support of its motion for summary judgment reveals no such photographs from Mrs. Shepard. [*See* Filing No. 38; Filing No. 39.] In fact, no photographs dated January 25, 2022 appear in the record at all. Accordingly, the Court did not consider or rely on such photographs, [Filing No. 64], and Mr. Cotton's argument to the contrary provides no basis for reconsideration.

For all of these reasons, Mr. Cotton's Motion for Reconsideration is **DENIED**.

### III.
### CONCLUSION

For the foregoing reasons, Mr. Cotton's Motion for Reconsideration, [73], is **DENIED**.

Date: 5/7/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF to all counsel of record</u>**

**<u>Distribution via U.S. Mail to:</u>**

Mark Cotton
123 North D Street
Marion, IN 46952